**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARREL L. MYERS, | No. CIV S-08-0411-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RICH SUBIA, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  Specifically, petitioner stated he entered a guilty plea.

/ / /

/ / /

1

1    A guilty plea which is knowingly, intelligently, and voluntarily made, bars any

2    right to later assert claims based on constitutional deprivations allegedly occurring prior to the

3    guilty plea.  See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United

4    States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North

5    Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant pleads guilty, he may only challenge

6    whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v.

7    Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara

8    County, 632 F.2d 767, 769-70 (9th Cir. 1980).  This rule is known as the "Tollett rule."

9    An exception to this rule may exist where state law permits a challenge to an

10   adverse pre-trial ruling despite a later guilty plea.  See Lefkowitz, 420 U.S. at 288 (citing

11   McMann, 397 U.S. at 766).   This is called the "Lefkowitz exception."  In California, a

12   defendant may raise an issue on appeal despite a guilty plea if the defendant has filed a written

13   statement with the trial court setting forth the grounds for the claim and the trial court has issued

14   a certificate of probable cause for the appeal.  See Mitchell, 632 F.2d at 771 (citing Cal. Penal

15   Code § 1237.5).  This rule, however, does not operate as an exception to the Tollett rule.  See

16   Mitchell, 632 F.2d at 772.  The only Lefkowitz exception under California law is a statute

17   permitting an appeal based on an alleged Fourth Amendment violation.  See id. at 771; see also

18   Cal. Penal Code § 1538.5.  A conditional guilty plead does not fall under the Lefkowitz

19   exception.  See Mitchell, 632 F.2d at 773.  Another exception to the Tollett rule exists where the

20   challenge goes to "the power of the state to bring the defendant into court to answer the charges

21   brought against him."  Journigan v. Duffy, 552 F.2d 283,  (9th Cir. 1977) (citing Blackledge v.

22   Perry, 417 U.S. 21, 30 (1974)).  This is known as the "Journigan exception."

23   Thus, under the Tollett rule, a defendant who pleaded guilty may only raise

24   claims on federal habeas which challenge the validity of the plea or fall within either the

25   Lefkowitz or Journigan exceptions.  Claims of ineffective assistance of counsel with respect to

26   the plea are permitted under the Tollett rule.  See Tollett, 411 U.S. at 267 (citing McMann, 397

1 | U.S. at 771).  In this case, none of petitioner's claims relate to the validity of his guilty plea or

2 | fall within either of the permitted exceptions to the Tollett rule.

3 |        Based on the foregoing, the undersigned recommends that petitioner's petition

4 | for a writ of habeas corpus be summarily dismissed.

5 |        These findings and recommendations are submitted to the United States District

6 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

7 | after being served with these findings and recommendations, any party may file written

8 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9 | Findings and Recommendations."  Failure to file objections within the specified time may waive

10 | the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 |

12 | DATED:  February 29, 2008

13 |

14 | _____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |