1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DARREL L. MYERS,                    No. CIV S-08-0411-FCD-CMK-P

12                   Petitioner,

13          vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14    MARTEL,

15                   Respondent.

16    _____/

17               Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

19    dismiss (Doc. 17) based on failure to comply with the statute of limitations and failure to exhaust

20    state court remedies.  Petitioner has not filed an opposition.

21

22                          **I.  BACKGROUND**

23               This action proceeds on the amended petition filed on April 17, 2008.  In the

24    amended petition, petitioner states that he pleaded guilty to first degree murder with two special

25    circumstances and was sentenced  in October 1995 to life without the possibility of parole.

26    Petitioner also states that he did not file any direct appeal.  According to documents submitted by

                                        1

respondent in support of his motion to dismiss, petitioner filed seven post-conviction actions in the state court.  None of these actions, however, was filed in the California Supreme Court.  The first post-conviction action was filed in the Yolo County Superior Court on February 9, 2007.  The last action – which was still pending as of June 2008 when respondent filed his motion to dismiss – was filed in the Yolo County Superior Court on April 24, 2008.

## II.  DISCUSSION

### A.    Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year

2

1   period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187

2   F.3d 1104, 1105 (9th Cir. 1999).

3              The limitations period is tolled, however, for the time a properly filed application

4   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

5   "properly filed," the application must be authorized by, and in compliance with, state law.  See

6   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace

7   v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to

8   a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

9   and the failure to comply with those time limits precludes a finding that the state petition is

10  properly filed).  A state court application for post-conviction relief is "pending"during all the

11  time the petitioner is attempting, through proper use of state court procedures, to present his

12  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

13  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___

14  U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari

15  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

16  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

17  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

18  untimely, the federal court must independently determine whether there was undue delay.  See id.

19  at 226-27.

20             There is no tolling for the interval of time between post-conviction applications

21  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

22  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

23  tolling for the period between different sets of post-conviction applications.  See Biggs v.

24  Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

25  review and the filing of a state post-conviction application does not toll the limitations period.

26  See Nino, 1983 F.3d at 1006-07.

1    In this case, petitioner's conviction became final in 1995.  Because this was before

2  the effective date of AEDPA, the one-year limitations period began to run on April 25, 1996, and

3  ended one year later.  Petitioner did not file any challenges in state court until 2007, well beyond

4  the expiration of the statute of limitations in 1997.  Therefore, the petition must be dismissed as

5  untimely.

6    **B.    Exhaustion of State Court Remedies**

7    Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

8  before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy,

9  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

10  Pliler, 336 F.3d 839 (9th Cir. 2003).   "A petitioner may satisfy the exhaustion requirement in

11  two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the

12  claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

13  court no state remedies are available to the petitioner and the petitioner has not deliberately

14  by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

15  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

16  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

17  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

18    Respondents are also correct that petitioner failed to exhaust state court remedies.

19  Specifically, petitioner has not presented any claims relating to his 1995 conviction to the

20  California Supreme Court.  Therefore, the petition must also be dismissed for failure to exhaust.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

**III.  CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.     Respondent's unopposed motion to dismiss (Doc. 17) be granted;

2.     This action be dismissed with prejudice; and

3.     The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE